Compiler

## IN THE SUPERIOR COURT OF GUAM

FILED
2012 DEC 28 AM 11: 27

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) |
| vs. | ) **CRIMINAL CASE NO. CM0401-12** |
| | ) |
| ENRIQUE PEREZ PANGELINAN, | ) **DECISION AND ORDER** |
| | ) |
| Defendant. | ) |
| | ) |

### INTRODUCTION

This matter came before the Honorable James L. Canto II on the Defendant's motion to suppress, filed September 27, 2012. Oral arguments were heard on October 29, 2012. Assistant Attorney General Gabrielle L. Rossi, Esq. appeared on behalf of the Government and Assistant Public Defender Suresh Sampath, Esq. represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant is charged with driving under the influence of alcohol and reckless driving based upon the following events. On April 21, 2012 at approximately 12:40 a.m., Guam Police Officer John A. Bagaforo stopped Defendant's car when it almost hit his vehicle as it attempted to make a left turn across Marine Corps. Drive. (Testimony of John A. Bagaforo, Record Log at 2:34, Oct. 29, 2012.) Officer Bagaforo observed that Defendant had bloodshot, watery eyes and smelled of alcohol. *Id.* He asked Defendant to participate in a standardized field sobriety test. *Id.* Defendant failed the test when he could not keep his balance during the instructions of the test. *Id.* Officer Bagaforo allowed Defendant to make two phone calls to a relative and a friend who could pick up his vehicle and fishing gear. *Id.* and Testimony of Enrique P. Pangelinan, Record Log at 2:49, Oct. 29, 2012. Defendant was subsequently arrested at 1:10 a.m. (Testimony of John A. Bagaforo, Record Log at 2:34, Oct. 29, 2012.)

On September 27, 2012, Defendant moved to suppress all evidence obtained from the investigative detention because it lasted longer than fifteen (15) minutes in violation of 8 GCA

§ 30.30. Defendant asserts his initial detention was an unreasonable seizure and that all evidence obtained during or as a result of the seizure must be suppressed.

The Government opposes suppression on the bases that: 1) the Defendant consented to an extended detention when he participated in field sobriety tests; 2) probable cause to arrest appeared before 15 minutes of alleged detention; and 3) suppression should be limited to evidence obtained after 15 minutes of detention and before arrest.

## DISCUSSION

### 1. The Stop and Frisk Statutes

The Fourth Amendment permits brief investigative detentions that are based upon a reasonable suspicion of illegal conduct. *People v. Johnson*, 1997 Guam 9 ¶ 4 (*citing Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868 (1968)). This principle is codified in the "Stop and Frisk" statutes at 8 GCA Chapter 30. *See People v. Cundiff*, 2006 Guam 12 ¶ 40.

Title 8 GCA § 30.10 states:

> Whenever a peace officer encounters any person under circumstances which reasonably indicate that such person has committed, is committing or is about to commit a criminal offense, the peace officer may detain such person.

Title 8 GCA § 30.20 states:

> Detention pursuant to § 30.10 shall be for the purpose of ascertaining the identity of the person detained and the circumstances surrounding his presence abroad which lead the officer to believe that he had committed, was committing, or was about to commit a criminal offense, but such person shall not be compelled to answer any inquiry of the peace officer.

Title 8 GCA § 30.30 states:

> No person shall be detained under the provisions of § 30.10 longer than is reasonably necessary to effect the purposes of that section, and in no event longer than fifteen (15) minutes. Such detention shall not extend beyond the place where it was first effected or the immediate vicinity thereof.

Title 8 GCA § 30.40 states:

> If at any time after the onset of the detention authorized by § 30.10, probable cause for arrest of the person shall appear, the person shall be arrested. If after

an inquiry into the circumstances which prompted the detention, no probable cause for the arrest of the person shall appear, he shall be released.

Thus under Guam law, a police officer having a reasonable suspicion regarding criminal activity by a particular individual may detain that person to investigate said suspected criminal activity. 8 GCA §§ 30.10 & 30.20. When this investigative detention reveals probable cause for arrest, "the person shall be arrested." 8 GCA § 30.40. However, "in no event [shall a person be detained] longer than fifteen (15) minutes," and the person "shall be released," if no probable cause for arrest appears. 8 GCA §§ 30.30 and 30.40.

In this case, the parties dispute the application and effect of the 15 minute time limit for investigative detentions. The Government argues that any appearance of probable cause to arrest within 15 minutes removes the need to apply the time limitation. Alternatively, the Government contends that any suppression applies only to evidence obtained after 15 minutes and before arrest. Defendant asserts that if he is not arrested or released within 15 minutes pursuant to the Stop and Frisk statutes, then all evidence from the investigative detention must be suppressed unless it comes from an independent source.

## 2. Violation of the 15-Minute Time Limit

### a. Meaning of the "Stop and Frisk" Act.

Title 8 GCA Chapter 30 and the 15-minute time limit are derived from former Penal Code Sections 735 through 736.4. *See* 8 GCA § 30.10, COMMENT; Guam Pub. L. 10-99 (June 19, 1969). Former Sections 735 through 736.4 were enacted as original statutes and without any statement of legislative findings or intent. P.L. 10-99. There is an absence of controlling authority to interpret the 15 minute time limit.[1] Without clear legislative intent or authority to

---

[1] For example, Guam law does not explicitly discredit any detention beyond the time limit nor does it conversely hold that the time limit is merely a guide for law enforcement. *Compare Florida v. Royer*, 460, U.S. 491, 500, 103 S.Ct. 1319, 1325 (1983) ("[A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop."), *and U.S. v. Sharpe*, 470 U.S. 675, 686, 105 S.Ct. 1568, 1575 (1985) ("In assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or

the contrary, the Court shall interpret the Stop and Frisk statutes according to their plain meaning. *See Guam Resorts, Inc. v. G.C. Corporation*, 2012 Guam 13 ¶ 7 ("When the plain reading of a statute is 'clear on its face' and yields to an unambiguous definition, we will not look past that plain reading."); *Castino v. G.C. Corp.*, 2010 Guam 3 ¶ 29 ("A plain reading construction is appropriate where the statute lays out specific requirements and indicates exactly what is necessary for compliance without ambiguous terms."); *People v. Lau*, 2007 Guam 4 ¶¶ 11-14.

An examination of the plain language of the 15-minute time limit within the context of 8 GCA Chapter 30 does not reveal ambiguity or absurd and unworkable consequences. *See Sumitomo Const., Co., Ltd. v. Government of Guam*, 2001 Guam 23 ¶ 17; *People v. Flores*, 2004 Guam 18 ¶ 18. The Stop and Frisk statutes state that a person shall be detained, "in no event longer than fifteen (15) minutes." 8 GCA § 30.30. If probable cause to arrest appears, "at any time after the onset of the detention…the person shall be arrested." 8 GCA § 30.40. If probable cause does not appear, "he shall be released." *Id.* This language clearly contemplates that any investigative detention must end by arrest or release within 15 minutes. Even where probable cause to arrest appears within 15 minutes of detention, the plain language of 8 GCA § 30.30 does not allow the detention to continue beyond 15 minutes. When a person is detained without arrest for more than 15 minutes, although probable cause to arrest may appear, the Stop and Frisk statutes are violated.

To posit that probable cause arising before the expiration of 15 minutes somehow negates the statute's time limit is to say that an officer may detain an individual indefinitely without an arrest just because probable cause arose within the first 15 minutes. This would be an illogical reading of the statute that subverts its entire purpose, and one which this Court cannot reasonably adopt. The Guam Legislature has apparently narrowed the ability of any

---

dispel their suspicions quickly, during which time it was necessary to detain the defendant."), *with U.S. v. Place*, 462 U.S. 696, 709 n.10, 103 S.Ct. 2637, 2646 (1983) ("We understand the desirability of providing law enforcement authorities with a clear rule to guide their conduct. Nevertheless, we question the wisdom of a rigid time limitation.

officer to graduate an investigative detention according to the demands of a particular situation, as the U.S. Supreme Court might otherwise afford in the absence of an explicit time limit. Based upon the plain meaning of the Stop and Frisk statutes, the Court holds that an investigative detention must cease by arrest or release within 15 minutes of its initiation.[2]

The Government argues that Defendant's voluntary consent to undergo a Standardized Field Sobriety Test vitiates the effect of 8 GCA § 30.30, tolling the 15-minute clock.[3] However, the plain language of the statute is inescapable. It states in pertinent part: "No person shall be detained … longer than is reasonably necessary to effect the purposes of [Section 30.10], <u>and in no event</u> longer than fifteen (15) minutes. 8 GCA § 30.30 (emphasis added). This unconditional language unequivocally imparts that no circumstance may serve as an exception to the time limit, be it exigency or even an express waiver by the detainee.

    b. <u>Application to the Facts of this Case</u>.

In order to apply this rule to the present case, the Court must further examine the difference between an investigative detention and an arrest. Under Guam law, "a person has been seized under the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Cundiff*, 2006 Guam 12 at ¶ 21 (*quoting United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877 (1980)). An investigative detention under 8 GCA Chapter 30 is consistent with a Fourth Amendment seizure. *See e.g. Cundiff*, 2006 Guam 12 at ¶ 40; *Terry*, 392 U.S. at 16 ("It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person."). For this reason, an investigative detention occurs when a reasonable person would believe he is not free to leave under the circumstances.

---

Such a limit would undermine the equally important need to allow authorities to graduate their responses to the demands of any particular situation.").

[2] The Court recognizes this law's possibly impairing effect upon meaningful law enforcement investigation technique; however, this Court is duty-bound to administer the law as the Legislature intended and may do no more. The only alternative is for the Legislature to re-examine whether the statute indeed withstands an effective application to real-world circumstances within the reasonable balance between individual liberty interests and the Government's law enforcement interests.

[3] *See generally, People v. Santos*, 1999 Guam 1 ¶¶ 33-37; *People v. Chargualaf*, 2001 Guam 1 ¶¶ 14-15

Guam law defines an arrest as, "an actual restraint of the person, or…submission to the custody of the person making the arrest." 8 GCA § 20.10. An officer must announce the arrest pursuant to 8 GCA § 20.25, but the declaration is not an absolute requirement for a lawful arrest based upon probable cause. *Cundiff*, 2006 Guam 12 at ¶¶ 35-36 and 25-26 (*quoting People v. Maddox*, 294 P.2d 6, 9 (Cal. 1956); and *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225 (1964)). Any physical restraint that curtails movement constitutes an arrest. *Id.* at ¶¶ 19-20 (*quoting Sibron v. New York*, 392 U.S. 40, 67, 88 S.Ct. 1889 (1968)).[4] Even without physical restraint, a severely intrusive detention may constitute an arrest. *Id.* at ¶¶ 21-22 (*quoting Dunaway v. New York*, 442 U.S. 200, 216, 99 S.Ct. 2248 (1979) (custodial interrogation is an arrest and requires probable cause)).

In this case, Officer Bagaforo stopped Defendant's car at approximately 12:40 a.m. because Defendant turned in front of and almost collided with the Officer's vehicle. A traffic stop is, "unquestionably a seizure within the meaning of the Fourth Amendment." *People v. Rasauo*, 2011 Guam 1 ¶ 26 (*citing Berkemer v. McCarty*, 468 U.S. 420, 436-439 (1984)). *See also People v. Chargualaf*, 2001 Guam 1 ¶ 17. Under the circumstances of a traffic stop, Defendant was detained pursuant to 8 GCA Chapter 30 because he could not reasonably believe that he was free to disregard Officer Bagaforo and drive away. *See Mendenhall*, 446 U.S. at 554 (no detention if person can disregard and walk away). Defendant was not physically restrained or interrogated under custody until 1:10 a.m. when he was formally arrested. The detention lasted approximately thirty minutes before it ended with an arrest. For this reason, the investigative detention violated the 15-minute time limit of the Stop and Frisk statutes.

## 3. The Exclusionary Remedy

The Stop and Frisk statutes do not provide an explicit remedy for a person who is detained by law enforcement for more than 15 minutes. *See* 8 GCA Chapter 30. However, an

---

[4] *Cf. People v. Farata*, 2007 Guam 8 ¶¶ 44-45; *People v. Santos*, 2003 Guam 1 ¶ 51 (police custody ultimately determined by use of physical restraint comparable to formal arrest).

unreasonable investigative detention implicates the Fourth Amendment under Guam law. *See e.g. Cundiff*, 2006 Guam 12 at ¶ 40; *Chargualaf*, 2001 Guam 1 at ¶ 20 ("[T]he Fourth Amendment is only at issue where the police detain or seize an individual while posing investigative questions.") (*citing Florida v. Royer*, 460 U.S. 491, 497, 103 S.Ct. 1319, 1324 (1983)). When the Fourth Amendment is violated by an unlawful seizure or investigative detention, evidence obtained during the detention must be suppressed pursuant to the exclusionary rule. *See e.g. Cundiff*, 2006 Guam 12 at ¶ 51; *Terry*, 392 U.S. at 13-15. Evidence that is obtained during or derived from an unlawful detention must be suppressed pursuant to the fruit of the poisonous tree doctrine. *Cundiff*, 2006 Guam 12 at ¶ 41 (*citing Wong Sun v. United States*, 371 U.S. 471 (1963); *People v. Santos*, 2003 Guam 1 ¶ 64).[5] On this basis, the Court shall apply the ordinary exclusionary rule and fruit of the poisonous tree doctrine to the Stop and Frisk statutes and suppress all evidence obtained or derived from an unlawful detention that exceeds the time limit; specifically meaning any and all evidence obtained during the entire detention, and not just that evidence obtained after the 15-minute time limit has elapsed.

In this case, the unlawful Stop and Frisk detention ended when Defendant was arrested at 1:10 a.m. All evidence obtained during the unlawful detention shall be suppressed pursuant to the exclusionary rule. After the arrest at 1:10 a.m., it appears that the police did not collect further evidence and Defendant does not move to suppress any particular evidence obtained after the arrest.[6] For this reason, the Court shall decline to conduct an analysis of the evidence obtained after the arrest until such evidence is presented and the matter is ripe for adjudication.

---

[5] *See also Nix v. Williams*, 467 U.S. 431, 442-443, 104 S.Ct. 2501, 2508 (1984) ("The core rationale consistently advanced by this Court for extending the exclusionary rule to evidence that is the fruit of unlawful police conduct has been that this admittedly drastic and socially costly course is needed to deter police from violations of constitutional and statutory protections. This Court has accepted the argument that the way to ensure such protections is to exclude evidence seized as a result of such violations notwithstanding the high social cost of letting persons obviously guilty go unpunished for their crimes. On this rationale, the prosecution is not to be put in a better position than it would have been in if no illegality had transpired.").

[6] The Government presented no evidence beyond the arrest at 1:10 a.m., possibly because Defendant allegedly declined to participate in a blood, breath or urine test and declined to waive his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). (People's Opposition, 2, Oct. 8, 2012.)

*See generally People v. Gay*, 2007 Guam 11 ¶ 8 (*quoting U.S. v. Dibiase*, 687 F.Supp. 38, 42 (D. Conn. 1988) ("an issue is not fit for judicial review when it involves contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotations omitted).

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant's motion to suppress is hereby GRANTED and all evidence obtained from the onset of the detention and throughout the entire detention shall not be admissible against Defendant.

SO ORDERED this _28TH_ day of December, 2012.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

DEC 2 8 2012



James R. Borja
Deputy Clerk, Superior Court of Guam